Finley W. HOLBROOK and Faith Hol-
brook, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellee.

No. 31113.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1971.

Wm. Monroe Kerr, Midland, Tex., for
petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen.,
Tax Div., Dept. of Justice, K. Martin
Worthy, Chief Counsel, Bobby D. Burns,
Atty., Int. Revenue Serv., Meyer Roth-
wacks, Grant W. Wiprud, David English
Carmack, Attys., Tax Div., Dept. of Jus-
tice, Washington, D. C., for respondent-
appellee.

ON PETITION FOR REHEARING
AND PETITION FOR REHEAR-
ING EN BANC

(Opinion Oct. 8, 1971, 5 Cir., 1971,
450 F.2d 134).

Before TUTTLE, THORNBERRY and
INGRAHAM, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied
and the Court having been polled at the
request of one of the members of the
Court and a majority of the Circuit
Judges who are in regular active service
not having voted in favor of it, (Rule 35
Federal Rules of Appellate Procedure;
Local Fifth Circuit Rule 12) the Petition
for Rehearing En Banc is also denied.

TUTTLE, Circuit Judge (dissenting):

I respectfully dissent from the denial
by the panel of this court of the peti-
tion for rehearing. By the mere, and,
I think, incorrect, application of the doc-
trine of the burden of proof, the court
has here approved a plan of tax avoid-

ance in which, from what appears in this record, the purchaser of the entire mineral interests involved is permitted not only to have the benefit of 27½% depletion under percentage depletion plan as to most of it, but is now also entitled to receive $34,000 worth of income with payment of no tax at all, by utilizing cost depletion for the latter part. I fully adhere to my original dissent.

I would have thought that, at the very least, the court should have remanded the case to the Tax Court for determination of the fact which the majority feels compelled to resolve in favor of the taxpayer, because of the failure of the government to carry its burden of proof.

We all agree that the right decision of this case depended upon whether G & W Corporation (against which a majority has concluded that Holbrook had a right of action as an alternative source of recovering his investment in the minerals, if the mineral production failed) was a corporation that had substance to the extent necessary to respond to a claim of $34,000, and, also, I might add, whether such right of subrogation may or may not have been waived by the arrangement under which *Holbrook caused the bank to make the loan* to G & W Oil Corporation.[1]

It is most difficult for me to conceive of Holbrook's intending to reserve any right of subrogation over against the G & W Oil Corporation for whose benefit he caused the loan to be made in the first instance. Moreover, among the facts that were proved, was evidence that showed a relationship which belied the assumption by the taxpayer and the majority of the court throughout that Holbrook and G & W Corporation were wholly independent entities. Although the stipulation contained a statement that Holbrook had no "proprietary interest" in G & W Corporation, this is far from saying Holbrook and G & W Corporation had no identity of interest or common interest, or that Holbrook

had no "economic" interest in G & W Corporation.

These comments are not made idly because a perusal of the record shows that the deed of trust from G & W Oil Corporation to the First National Bank of Midland to secure the $34,000 loan was signed by John M. Grimland, Jr. It is of more than usual significance, it seems to me, that Holbrook's tax returns for the years in question are signed "John M. Grimland, Jr., Certified Public Accountant, Midland, Texas." This signature of Grimland's is the "signature of preparer other than taxpayer." I should think that the court would feel that these circumstances raise so serious a doubt that Holbrook would be likely to sue on a subrogation agreement the corporation presided over by the accountant who prepared his tax return on this "ABC transaction with a *twist,*" as to warrant at least an inquiry into these facts upon remand to the Tax court.

The justification for remanding the case for further hearing, it seems to me, is that the government clearly conceived that the issue was a much broader one, that is to say, a question of where the burden of proof lay, and, thus, did not seek to establish the actual facts relating to the true relationship between the Holbrooks and G & W Oil Corporation presided over by their certified public accountant, who prepared their tax returns.

I would grant the rehearing and affirm the judgment of the Tax court on the basis stated in my original dissent, or, at the very least, I would remand the case to the Tax court for development of the true facts as to whether the relationship actually existing between Holbrook and G & W Corporation was one that would truly have given Holbrook a source for recouping his investment by suing G & W Oil Corporation in the event the $34,000 oil payment was not fully paid out.

---

1. The stipulation says, "In connection with the transactions referred to in paragraph 5 hereinabove, and *in consideration of the making of the loan by the First National* *Bank of Midland, Texas, to G & W Oil Corporation,* referred to in paragraph 5," (emphasis added) Holbrook executed the take-out letters.

SIMPSON, Circuit Judge, dissents from the denial by the court of the Petition for Rehearing En Banc for the reasons expressed by Judge Tuttle in his dissent to the denial of the Petition for Rehearing.